FILED

NOV 2 0 2015

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
           DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                      CRIM. NO. SA 13-CR-498(1)-OG

CHRISTINA GUEVARA CARDENAS,

Defendant.

### AGREED ORDER REVOKING SUPERVISED RELEASE AND RE-SENTENCING DEFENDANT

On this day came on to be considered the October 9, 2015 Petition For Warrant for Offender Under Supervision. The parties whose signatures appear below, with the concurrence of the Probation Office, have proposed a resolution of this matter, with which the Court concurs, supported by the following findings.

*1. Supervised Release Violations.* A three year term of Supervised Release was ordered as a condition of the sentence imposed upon the Defendant by the Court in the Southern District of Texas on May 10, 2012. The Defendant violated the conditions of Supervised Release as set out in the October 9, 2015 Petition For Warrant for Offender Under Supervision. Defendant submitted a sweat patch on September 8, 2015 which tested positive for Methamphetamine, Amphetamine, and Opiates.. Defendant also missed mental health treatment sessions. This all constitutes a violation of supervised release. The use of controlled substances is a grade B violation and the Probation Officer has determined that the advisory Guideline Range of imprisonment stands at 4-10 months, but that the statutory maximum is 2 years. The defendant

has made the Probation Office aware of certain medical issues.

2. *Defendant's acknowledgments.* The Defendant acknowledges that: (1) upon revocation of his probation, the Court could assess imprisonment up to a statutory maximum of 2 years, consecutive to any other sentence imposed or to be imposed upon her; (2) the United States bears the burden of proving charged violations of supervised release by a preponderance of the evidence; (3) she admits committing misconduct summarized above; and (4) the United States could prove such misconduct by a preponderance of the evidence.

3. *Defendant's waiver of rights.* Through their signatures below, the Defendant and her attorney specifically assert, and the Court finds, that the Defendant voluntarily, knowingly, and intelligently: (1) waives her rights under the Constitution, FED. R. CRIM. P. 32.1(b)(2), and 43, Title 18 U.S.C. Section 3565, and/or otherwise, to be present and participating with her lawyer at a proceeding at which the Defendant's supervised release is revoked and she is re-sentenced, as accomplished by this Order; (2) waives her rights through any means to appeal, challenge, modify, or seek any reduction in revocation punishment assessed by, this Order (unless the Defendant proves prejudice from errors of constitutional magnitude involving ineffective assistance of her counsel or prosecutorial misconduct); and (3) requests that the Court enter this Order forthwith without the necessity of any further hearing or appearance by the Defendant or her counsel.

4. *Defendant and Government Agree to a Sentencing Range:* The Government and Defendant agree to a sentence of Time Served consecutive to any other sentence imposed or to be imposed upon her.

5. *Court's Decision:* In view of the foregoing, based on defendant's uncontested violation of her supervised release, for which there is adequate factual basis as summarized above, the Court reaches the following decision:

1) Defendant's term of supervised release is revoked pursuant to Title 18 U.S.C. Section 3565.

2) Defendant shall participate in a mental health program for the treatment of co-occurring disorders, approved by the Probation Officer. The defendant may be required to contribute to the cost of services rendered (copayment) in an amount to be determined by the Probation Officer, based upon the defendant's ability to pay.

3) There will be ONE (1) year of re-imposed supervised release to follow.

4) All previously imposed standard and special conditions will remain in effect.

SIGNED this _20_ day of November, 2015.

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE

UNDERSTOOD AND AGREED TO IN EVERY RESPECT

DATE: 11/19/15, 2015

_____
CHRISTINA GUEVARA CARDENAS
Defendant

DATE: _____, 2015

_____
ALEX SCHARFF
Attorney for Defendant

DATE: 11/19, 2015

/s/ _____
THOMAS P. MOORE
Assistant U.S. Attorney

3